**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|   |   |
|---|---|
| TERRY SMITH, | |
| Plaintiff, | No. 25-cv-12071-JDH |
| v. | |
| PAUL SELAMAR WOOLSON, et al., | |
| Defendants. | |

**ORDER FOR REASSIGNMENT AND REPORT AND RECOMMENDATION**

HEDGES, M.J.

**I.     BACKGROUND**

On July 23, 2025, the Court received Terry Smith's complaint.  Docket No. 1.[1]  Mr. Smith, who is self-represented, invokes this Court's federal question jurisdiction under 28 U.S.C. § 1331 and brings this action against Paul Selamar Woolson, Chris Donavan, Steve Woolson, and Frank White Woolson.  Docket No. 1 at 2-3.  Mr. Smith alleges that his neighbors stalked, harassed, and otherwise mistreated him, and that when he reported his neighbors' actions to the police, the police violated his civil rights.  Docket No. 1 at 3-4; Docket No. 1-1 at 1-5.

On January 16, 2026, I issued an order, nothing that even under the generous review standard afforded to *pro se* litigants, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), Mr. Smith's complaint fails to establish a sufficient basis for this Court to exercise subject matter jurisdiction.  *See generally* Docket No. 4.  Accordingly, I ordered Mr. Smith to file an amended

---

[1] The Clerk opened a civil action, and the case was assigned pursuant to the Court's Program for Random Assignment of Civil Cases to Magistrate Judges.  Docket No. 3.

complaint within twenty-eight days, setting forth a claim over which the Court has subject matter jurisdiction. *Id.* at 8. I advised that failure to comply with the order may result in dismissal of the action. *Id*.

On February 5, 2026, Mr. Smith filed a 63-page document titled "Evidence." Docket No. 6. This document contains additional accounts of harassment by neighbors, as well as medical records. Docket No. 6-1. The document does not, however, purport to contain an amended complaint or to correct the jurisdictional deficiencies identified in the January 16 order. *Id*. The deadline for Mr. Smith to file an amended complaint has now passed, and he has not done so.

## II.     ORDER

I direct the case to be returned to the Clerk's Office for REASSIGNMENT to a District Judge for further proceedings.

## III.     RECOMMENDATION

For the reasons set forth above, I RECOMMEND that the District Judge DISMISS this action pursuant to Rule 12(h)(3) for lack of subject matter jurisdiction.[2]

SO ORDERED.

Dated: February 17, 2026                              /s/ Jessica D. Hedges
                                                                   United States Magistrate Judge

---

[2] The parties are advised that under the provisions of Federal Rule Civil Procedure 72(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court within fourteen days of service of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Santos-Santos v. Torres-Centeno,* 842 F.3d 163, 168 (1st Cir. 2016); *see also Keating v. Sec'y of Health & Human Servs*., 848 F.2d 271, 275 (1st Cir.1988). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. *See* Fed. R. Civ. P. 72(b).